Argued and submitted October 26, 1979,
affirmed as modified January 14, 1980

In the Matter of the Marriage of
CAMPBELL,
*Respondent,*
*and*
CAMPBELL,
*Appellant.*

(No. 77-11-79, CA 14231)

604 P2d 1281

Jonathan W. Hayner, North Bend, argued the cause for appellant. With him on the brief was Hayner, Waring & Stebbins, North Bend.

No appearance by respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

In this dissolution of marriage proceeding, the husband challenges the distribution of the marital assets and the amount of child support. We modify the trial court's decree to the extent indicated below.

An extended recitation of the facts would not benefit either bench or bar. The parties had acquired very extensive debts during their marriage. The only asset of great value was the family business, Rogue River Park, which was awarded to wife. Its net value was approximately $57,000. Adding the value of other assets awarded to wife, her total award approximated $77,000. Husband was awarded a judgment against Rogue River Park of $12,000, at 9% interest. The interest was payable quarterly; the principal was due in 4 years. Husband received 3 other assets valued at approximately $45,000, but was also required to assume family debts of approximately $88,000.

Subtracting the husband's judgment against the trailer park from wife's assets leaves wife with a net award of approximately $65,000 and husband with an award of approximately minus $30,000.

The above distribution is made inequitable by the fact that husband is, at present, not working and evidence shows he is unlikely to ever achieve significant employment due to substantial physical disabilities.

The above factors cause us to conclude—reluctantly, because we prefer not to "tinker" with property distributions of this kind—that some modification is necessary. The decree is modified in the following respects:

1. Husband's principal source of income is Social Security benefits, including benefits for the dependent children. The trial court imposed a child support obligation greater than the amount husband receives. His child support obligation is reduced to the amount of

monthly dependent benefits he receives for each child from Social Security.

2. Wife shall assume, in addition to all other debts previously assigned to her by the trial court's decree, those debts numbered 1, 2, 8, 19, 22, 23, 29, 30, 31, 32, 33, 34, 35 and 37, as set out in Exhibit "B" of respondent's Exhibit 1. These additional debts amount to approximately $31,400 and significantly reduce the disparity created by the original decree. In all other respects, the decree is affirmed.

Affirmed as modified. Costs to appellant.